IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCISCA PLEINES-HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3037 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | **MEMORANDUM** |
| CORRECTIONS, XANN LINHART, | ) | **AND ORDER** |
| PAT PENNEY, TERESA SMITH, | ) | |
| and JOHN DAHM, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Extend and response to the court's April 23, 2008 Memorandum and Order instructing Plaintiff to show cause. (Filing No. 9.) Plaintiff is a prisoner who is proceeding in forma pauperis ("IFP") in this action. (Filing No. 7.) On March 12, 2008, Plaintiff was assessed an initial partial filing fee in the amount of $0.42 to be paid by April 11, 2008. (*Id*.) Plaintiff did not pay the initial partial filing fee by April 11, 2008. On April 23, 2008, this court entered a Memorandum and Order instructing Plaintiff to show cause why this case should not be dismissed for Plaintiff's failure to pay the initial partial filing fee by the court-ordered deadline. (Filing No. 8.) In her response to the court's April 23rd Memorandum and Order, Plaintiff states that her institution informed her that it has withheld funds in accordance with the March 12, 2008 Memorandum and Order and she does not know why these funds have not been paid to the court. (*Id*.) The court finds that Plaintiff has shown good cause for extending the time to pay the initial partial filing fee.

As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is

unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). This matter will therefore proceed without payment of the initial partial filing fee.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Extend Time to Pay Initial Partial Filing Fee (filing no. 9) is granted.

2. The initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

3. The Clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's institution.

4. Plaintiff shall continue to keep the court informed of her current address at all times while this case is pending, as failure to do so may result in dismissal of this matter.

May 2, 2008.   BY THE COURT:

*s/Richard G. Kopf*
United States District Judge