IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FRANCISCA PLEINES-HARRIS,** | ) | **CASE NO. 4:08CV3037** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **NEBRASKA DEPARTMENT OF CORRECTIONS, XANN LINHART, PAT PENNEY, TERESA SMITH, and JOHN DAHM,** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on February 28, 2008, and was given leave to proceed in forma pauperis on March 12, 2008. (Case No. 4:08CV3037, Filing Nos. 1 and 7.) However, due to personal matters, Plaintiff filed a Motion to dismiss her case on June 24, 2008. (Case No. 4:08CV3037, Filing No. 11.) On June, 26, 2008, the court granted Plaintiff's Motion and dismissed the case. (Case No. 4:08CV3037, Filing Nos. 12 and 13.) Thereafter, Plaintiff filed two Motions to Reopen. (Case No. 4:08CV3037, Filing Nos. 14 and 15.) The court construed these filings as Motions for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(1). (Case No. 4:08CV3037, Filing No. 16.) On February 12, 2008, the court granted Plaintiff's Motions for Relief from Judgment, vacated the prior Judgment, and reinstated the case to the active docket. (*Id*.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint on February 28, 2008, against the Nebraska Department of Corrections ("DCS") and four individuals. (Case No. 4:08CV3037, Filing No. 1 at

CM/ECF p. 1.)  Plaintiff is currently incarcerated at the Nebraska Correctional Center for Women, in York, Nebraska.  (*Id*.)

Condensed and summarized, Plaintiff alleges that the DCS medical department is "unsure of the medical treatment that" she needs.  (*Id.* at CM/ECF p. 5.)   In addition, Plaintiff alleges the DCS medical department provided improper medical treatment.  (*Id*.) Plaintiff alleges this conduct "shows deliberate indifference to [her] medical needs . . . ." (*Id*.)  Plaintiff seeks monetary damages in the amount of $6,500.  (*Id.* at CM/ECF p. 3.) Plaintiff also wants the Defendants to "do more in depth medical procedures."  (*Id*.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v.*

2

*Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

### III.   DISCUSSION OF CLAIMS

####       A.   Claim Preclusion

After careful review, the court has determined that Plaintiff's Complaint alleges claims previously litigated in case number 4:06CV3061.[1] (Case No. 4:06CV3061, Filing No. 11; Case No. 4:08CV3037, Filing No. 1.) In Plaintiff's prior case (Case No. 4:06CV3061), this court adjudicated Plaintiff's Eighth and Fourteenth Amendment claims on the merits (by way of summary judgment) and entered judgment in favor of Defendants Randy Kohl, Teresa Smith, Xann Linhart, Pat Penny, and John Dahm. (Case No. 4:06CV3061, Filing Nos. 32 and 33 (judgment entered June 28, 2007).)

 "The doctrine of res judicata or claim preclusion bars relitigation of a § 1983 claim if the prior judgment was a final judgment on the merits rendered by a court of competent jurisdiction, and if the same cause of action and the same parties or their privies were

---

[1] In fact, Plaintiff admits that her current Complaint is based on the same facts as case number 4:06CV3061. (Case No. 4:08CV3037, Filing No. 1 at CM/ECF p. 2.)

involved in both cases." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing *Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir. 1989)).  In Plaintiff's current Complaint, Plaintiff alleges claims that arise out of the same nucleus of operative facts as Plaintiff's prior Complaint in Case No. 4:06CV3061.  Specifically, both Complaints allege that Defendants provided "improper" or "faulty medical treatment" for Plaintiff's abdominal pain.  (Case No. 4:06CV3061,  Filing No. 11 at CM/ECF pp. 5-6; Case No. 4:08CV3037, Filing No. 1 at CM/ECF p. 5.)  In addition, both Complaints ask the court to order the DCS medical department to do a better job.  (Case No. 4:06CV3061,  Filing No. 11 at CM/ECF p. 6 (asking the court to "get DCS to do their job the right way"); Case No. 4:08CV3037,  Filing No. 1 at CM/ECF p. 3 (asking the court to get DCS to "do more in depth medical procedures" ).)  As discussed above, this court previously adjudicated these claims and entered judgment in favor of Defendants.  (Case No. 4:06CV3061, Filing Nos. 32 and 33 (judgment entered June 28, 2006).)  Thus, Plaintiff's claims relating to her abdominal pain and treatment are barred by the doctrine of res judicata and they must be dismissed.

B.    Plaintiff's Eighth Amendment Medical Claim

Plaintiff also alleges that Defendants "don't know what to do" regarding her wrist tendinitis, an injury that she developed after she filed her prior case (Case No. 4:06CV3061).  (Case No. 4:08CV3037,  Filing No. 1 at CM/ECF pp. 9-10.)  The court liberally construes this claim as an Eighth Amendment claim relating to Plaintiff's medical care.

A prisoner-plaintiff seeking relief for claims relating to her medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784

(8th Cir. 1997). Further, a plaintiff must allege that she had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. Hartsfield v. Colburn 491 F.3d 394, 396-97 (8th Cir. 2007); Johnson v. Hamilton, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Id. (citing Estelle, 429 U.S. at 103-104).

Assuming Plaintiff's wrist tendinitis is a serious medical need, Plaintiff must also allege that Defendants deliberately disregarded that need. Here, Plaintiff has not alleged that Defendants deliberately disregarded her wrist tendinitis. Rather, Plaintiff alleges Defendants provided her with a wrist splint, physical therapy, medication, and eventually sent her to a neurologist. (Case No. 4:08CV3037, Filing No. 1 at CM/ECF pp. 9-10.) Because Plaintiff failed to allege that Defendants deliberately disregarded her wrist tendinitis, she has not alleged a sufficient Eighth Amendment claim against Defendants. As such, Plaintiff's claims relating to her wrist tendinitis must also be dismissed.

C.    State Law Claims

Although Plaintiff's improper medical treatment allegations do not establish an Eighth Amendment claim, liberally construed, they might be enough to establish a state law claim for medical malpractice. The court declines to exercise supplemental jurisdiction over such a claim because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Case No. 4:08CV3037, Filing No. 1) with respect to her abdominal pain claims is dismissed with prejudice;

2. Plaintiff's Complaint (Case No. 4:08CV3037, Filing No. 1) with respect to her wrist tendinitis claims is dismissed without prejudice;

3. Plaintiff's Complaint (Case No. 4:08CV3037, Filing No. 1) with respect to her state law claims is dismissed without prejudice; and

4. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 19th day of February, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge